IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LINZEE MELTON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| **BELL TEXTRON, INC. and/or THE** | § | |
| **ENTITY THAT EMPLOYED PLAINTIFF** | § | |
| **AS OF JUNE 12, 2020** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Bell Textron Inc. ("Bell") or ("Defendant") files this Notice of Removal to the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and respectfully shows the Court as follows:

### I.   SUMMARY

1. Plaintiff Linzee Melton ("Plaintiff") filed this action on August 4, 2022 in the 352nd Judicial District Court of Tarrant County, Texas, as Cause No. 352-335231-22, in the matter styled *Linzee Melton v. Bell Textron, Inc. and/or The Entity that employed Plaintiff as of June 12, 2020* (the "State Court Action"). Defendant removes this case to the United States District Court for the Northern District of Texas, Fort Worth Division, the Judicial District and Division within which this action is pending.

### II.   PROCEDURAL REQUIREMENTS

1. Attached here in an Index as **Exhibit 1** is a list of information required by Local Rule 81.1, and all known process and pleadings served upon Defendant and documents shown on the state court's docket sheet are included therein, as Exhibits 1-C through 1-H, and incorporated herein by reference. 28 U.S.C. § 1446(a),

2. On August 4, 2022, Plaintiff filed her Original Petition (the "Petition") in the 352nd Judicial District Court of Tarrant County, Texas. *See* Ex. 1-D.

3. Defendant was served with copies of the Petition and Citation on August 17, 2022. *See* **Exhibit 3**, Declaration of Sara Harris ("Harris Decl."), ¶ 2; Ex. 3-A. The Petition is the initial pleading setting forth Plaintiff's claims. Harris Decl., ¶ 2. Accordingly, this removal is timely because it is being filed within thirty days after service of Plaintiff's Petition. *See* 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. § 1446(d), as written notice, Defendant is filing its State Court Notice of Removal along with a copy of this Notice of Removal, without exhibits, with the Clerk of the 352nd Judicial District Court of Tarrant County, Texas, and is serving the same on Plaintiff. A copy of the State Court Notice of Removal, without exhibits, is attached hereto as **Exhibit 2**.

5. Plaintiff's State Court Action alleges a claim under Texas Commission on Human Rights Act, Tex. Labor Code § 21.051 ("TCHRA") for discrimination based on sex. As addressed below, Plaintiff's Petition raises claims that are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and thus, this action necessarily arises under federal law.

### III.  VENUE

6. Venue for removal is proper in this District and Division under 28 U.S.C. § 1441(a) because this district and division embrace the 352nd Judicial District Court of Tarrant County, the forum in which the Statue Court Action was pending.

## IV.     BASIS FOR REMOVAL

A.     **Federal Question Jurisdiction**

7.     A state court action may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a).

8.     Under Section 301 of the LMRA, the district courts of the United States have original jurisdiction over any action brought for violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce. 29 U.S.C. § 185. Therefore, Defendant may remove this action pursuant to 28 U.S.C. § 1441(c) because it arises under, and is preempted by, the LMRA.

9.     "[T]he Supreme Court has consistently held, since 1957, that with § 301 Congress federalized all of state labor law." *Kern v. Dannon Co.*, 71 Fed. Appx. 442 (5th Cir. 2003). At all times relevant to this action, Bell was and is an employer employing employees in an industry affecting commerce, as defined by the LMRA. 29 U.S.C. § 141, *et seq*. And at all times during Plaintiff's employment with Bell, she was represented by a labor organization, UAW Local 218, and employed pursuant to a collective bargaining agreement between Bell and UAW Local 218 (the "Union") and the International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America (the "CBA"). *See* **Exhibit 4**, Declaration of John Sams ("Sams Decl."), ¶ 4. A true and correct copy of the CBA is attached as Exhibit A to the Declaration of John Sams. The Union is a labor organization representing employees in an industry affecting commerce as defined in the LMRA. 29 U.S.C. § 141, *et seq*.

10.     Plaintiff alleges she was employed by Bell, and that she was subject to a 90-day probationary period during her employment. *See* Petition, ¶ 4. Her TCHRA claim for sex discrimination pertains to her termination and the reason for her termination. *Id.* Although Plaintiff avoids explicitly mentioning the fact that the CBA governed the terms of her employment, she

references the probationary employment standards of the CBA and makes it clear that Bell asserted her termination was based on the requirements for probationary employees under the CBA. *See id.* Indeed, the circumstances of Plaintiff's employment and termination were controlled exclusively by the CBA, and the policies that govern the employment of bargaining unit members, including, for example, Bell's "Union Covered Job Performance Evaluation Policy." *See* Sams Decl., ¶ 4; Ex. B to Sams Decl. Thus, although Plaintiff's Petition presents only a state-law claims on its face, an exception to the well-pleaded complaint rule applies here.

11.     "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (internal citation omitted); *Morrow v. Kroger Ltd. P'ship I*, 681 F. App'x 377, 380-81 (5th Cir. 2017) ("[P]re-emption occurs when a decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires interpretation of the collective-bargaining agreement."). Because of "the unusually 'powerful' pre-emptive force of § 301," this is true even where a plaintiff seeks relief "only under state law." *Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 6–7 (2003).

12.     Claims that are completely preempted by Section 301 of the LMRA are treated as claims arising under federal law of which this Court has original jurisdiction under 28 U.S.C. § 1331. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.…The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the LMRA.") (citations omitted).

13.     Here, evaluation of Plaintiff's TCHRA claim is "inextricably intertwined with" consideration of the terms of the CBA. *See Allis-Chalmers Corp.*, 471 U.S. at 213; *Alvarez v. UPS Co.*, 398 F. Supp. 2d 543, 552 (N.D. Tex. 2005).

14.     Plaintiff alleges that the reason proffered for her termination was that Bell "could not judge her performance during the 90 day probationary period" because she had been out on "maternity leave." Petition ¶ 4. Article IX, Section 52 of the CBA specifically outlines the conditions applicable to probationary employment:

> All new employees shall be regarded as probationary employees during the first ninety (90) calendar days of their employment by the Company. A probationary employee shall have no seniority rights and his retention as an employee is entirely within the discretion of the Company, provided no such employee shall be discharged because of his membership or activity in the Union. The Union agrees that it shall not bear any responsibility for the probationary employees if they are laid off during their probationary period of ninety (90) days.
>
> The probationary period shall be automatically extended for any vacation shutdown or Christmas-New Year holiday period that occurs during an employee's probationary period, provided the employee does not work during these periods.

Ex. A to Sams Decl. at p. 20. This probationary employment period to which Plaintiff was subject is reiterated and elaborated on in Bell's Union Covered Job Performance Evaluation Policy, which applies to "new employees on a Probationary period that are assigned to a Collective Bargaining Position." *See* Sams Decl., ¶ 4; Ex. B to Sams Decl. at p. 4. The CBA also creates particular rights for covered employees relating to medical leave and personal leave, as well as how those rights are impacted by probationary status and how those rights impact seniority. *See* Ex. A to Sams Decl. (*e.g.*, Article XVII, Sections 103–104, at pp. 68–70).

15.     Given the allegations here, Plaintiff's attempt to state her prima facie case would raise questions about the scope, meaning, and application of the CBA and the policies that govern the employment of bargaining unit members. First, Plaintiff's prima facie case for sex discrimination would require her to show that she was qualified for her position – not just in terms

of actual job duties and skills, but in the context of the conditions applicable to probationary employees. Second, showing Plaintiff was treated less favorably than similarly situated employees not in her protected class would require examination of how Bell has applied the CBA probationary employment terms and conditions to any alleged comparator, including those who have taken some form of leave during the probationary period. Plaintiff simply cannot prove all the elements of a prima facie case of sex discrimination without interpreting the CBA.

16. Third, since Bell will point to the CBA and the related policy on probationary employment to establish its legitimate reason for Plaintiff's termination, it follows that ascertaining whether Bell's reason was pretextual would likewise require interpretation of the CBA. This would include assessment of whether, under the applicable contract language or as a matter of "past practice," Plaintiff had a right to a probationary period extension and whether Plaintiff's probationary period *could have been* extended in light of her "maternity leave." In other words, both Plaintiff's prima facie case and her burden to establish pretext are intertwined with the rights, obligations, and procedures created by the CBA and applicable to probationary employees under the CBA. *See, e.g.*, *Johnson v. Humphreys*, 949 F.3d 413, 416–17 (8th Cir. 2020) (plaintiff's prima facie case required "analysis of whether the CBA or its incorporated policies allow" certain conduct, so claim "depends on interpreting these CBA provisions, and thus it is completely preempted").

17. In sum, in contrast to typical discrimination claims, Plaintiff's action for enforcement of her rights under state anti-discrimination law is intertwined with and depends on interpreting the CBA.

## V. CONCLUSION

Plaintiff's cause of action under the Texas Labor Code is completely preempted by Section 301 of the LMRA and properly removed on the grounds of federal question jurisdiction. This Court

has federal question jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331. Defendant prays that this action be removed from the 352nd Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, and for such other and further relief at law or in equity to which it may be justly entitled.

Respectfully submitted,

By: */s/ Jay K. Rutherford*
Jay K. Rutherford
State Bar No. 17451200
jrutherford@jw.com
Sara K. Harris
State Bar No. 24077389
sharris@jw.com
Jackson Walker LLP
777 Main Street, Suite 2100
Fort Worth, Texas 76102
817-334-7246
817-870-5146

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

This is to certify that on September 16, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of Texas, using the CM/ECF system, and also that a true and correct copy of the foregoing document was served via certified mail, return receipt requested to Plaintiff's counsel of record pursuant to Federal Rule of Civil Procedure 5(b)(1) as listed below:

> Mr. Jason C.N. Smith
> Law Offices of Jason Smith
> 612 Eight Avenue
> Fort Worth, Texas  76102
> **ATTORNEY FOR PLAINTIFF**

*/s/Jay K. Rutherford*
Jay K. Rutherford